**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEORGE A. LOPEZ,**

        **Plaintiff,**

-vs-                                        Case No.  6:04-cv-1246-Orl-19DAB

**IBM CORPORATION,**

        **Defendant.**

## ORDER

This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 14, filed Jan. 7, 2005) and Plaintiff's Response to Defendant's Motion (Doc. No. 26, filed Mar. 14, 2005).[1]

Plaintiff initiated this lawsuit against Defendant on August 8, 2004, alleging violations of Title I of the Americans with Disabilities Act. (Doc. No. 1). Service of the complaint on Defendant was effected on December 20, 2004, four days after the 120-day time frame set forth in Federal Rule of Civil Procedure 4(m). (Doc. No. 26, Ex. 2). Defendant now moves the Court to dismiss the complaint for failure to effect timely service of process. (Doc. No. 14).

Plaintiff responds that service was attempted at Defendant's Orlando address on December 14, 2004, but the process server was informed that service could not be accepted at that location. Plaintiff asserts that he then sent the service documents via overnight mail to a process server in New York, New York, who attempted to effect service on December 16, 2004,

---

[1] Plaintiff responded to Defendant's motion more than two months after such motion was filed, long after the expiration of the ten-day time frame provided by Local Rule 3.01(b). Nevertheless, the Court will consider the response.

at an address provided by Defendant to the Equal Employment Opportunity Commission for legal correspondence. However, Plaintiff states that once again the process server was informed that service could not be accepted at that location. After researching the appropriate address at which Defendant would accept service of the complaint and due to an intervening weekend, the process server completed service on December 20, 2004. (Doc. No. 26). The Court finds that Plaintiff has shown good cause[2] for his failure to serve Defendant with his complaint within 120 days and that Defendant has not been prejudiced by Plaintiff's four-day delay. Therefore, the Court will decline to dismiss the complaint on Rule 4(m) grounds.

Defendant also moves the Court to dismiss the complaint because Plaintiff has failed to comply with the requirements of Rule 10(b), which requires that "[a]ll averments of a claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances...." The complaint in the instant case is written in narrative form and contains long, detailed paragraphs, each including numerous allegations of fact. (Doc. No. 1). Although Plaintiff responds that he was not informed of the requirements of Rule 10(b) by the Office of the Clerk of Court before filing his complaint (Doc. No. 26), the complaint as filed makes Defendant's task of drafting its answer to the individual allegations in an orderly fashion excessively difficult. Plaintiff, who is representing himself, is responsible for making himself familiar with the Federal Rules of Civil Procedure and the Local Rules of this Court. Accordingly, the Court will grant Defendant's motion.

---

[2] The Court notes that it may exercise its discretion by extending the time for service of process under Rule 4(m) even in the absence of a showing a good cause. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

Based on the foregoing, Defendant's Motion to Dismiss (Doc. No. 14) is **GRANTED** and the complaint (Doc. No. 1) is **DISMISSED** without prejudice.  Plaintiff may file, within twenty (20) days from the date of this Order, an amended complaint which complies with Federal Rules of Civil Procedure 8(a) and 10(b) by setting forth a short and plain statement of Plaintiff's claims in separate, numbered paragraphs.  In addition, Plaintiff is reminded that he will be responsible for adhering to the time limitations set forth in an Order of the Court, in the Federal Rules of Civil Procedure and in the Local Rules of this Court with regard to any future proceedings in this case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _19th___ day of May, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party